**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DIVISION**

| | | |
|---|---|---|
| CAROLYN SMITH, ET AL, | § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL NO. 19-CV-1054-RP |
| THE CITY OF BASTROP, ET AL, | § § § | |
| Defendants | § § | |

# O R D E R

Before the Court are Defendants' Motion for a Protective Order (Dkt. No. 11), Defendants' Supplemental Motion for a Protective Order (Dkt. No. 29), and the parties' associated response and reply briefs. The District Court referred the motions to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

This discovery dispute arises from a suit challenging the validity of a City of Bastrop ordinance relating to the assessment and management of the City's Public Improvement District Project. Plaintiffs' counsel, Raymond White, made a request under the Texas Public Information Act ("TPIA") on November 18, 2019, seeking various documents related to the ordinance and project. On December 18, 2019, Defendants initiated the state statutory process for relief from TPIA requests with the Office of the Attorney General. Dkt. No. 11-4. Then, on December 30, 2019, Defendants filed a Motion for Protective Order asking the Court to order White to withdraw the TPIA request. Dkt. No. 11. On March 3, 2020, the Court ordered Defendants to file the Attorney General's decision promptly on its issuance. Dkt. No. 28.

Defendants filed the Attorney General's decision on March 12, 2020. Dkt. No. 29-1. The decision requires the City to release public meeting agendas and minutes, along with copies of certain requested city ordinances, completed reports, settlement agreements, and information in a contract. Dkt. No. 29-1 at 3. The Attorney General ruled that the City can withhold other information qualifying as attorney work product, as well as information not subject to Government Code § 552.103(a). *Id*. at 4-5. Otherwise, the Attorney General ruled that the City is required to release the remaining information. *Id*. at 6.

Despite the Attorney General's ruling, Defendants reasserted their request for a protective order in a Supplemental Motion for Protective Order. Dkt. No. 29. Plaintiffs oppose Defendants' motions, contending that the Attorney General is the proper authority to rule on this issue and any decision by this Court would supersede the state agency's ruling, violating principles of comity. *See* Dkt. No. 14; Dkt. No. 30.

## II. LEGAL STANDARD

The scope of discovery is broad, permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense." *Crosby v. La. Health Serv. & Indem. Co*., 647 F.3d 258, 262 (5th Cir. 2011) (quoting FED. R. CIV. P. 26(b)(1)). A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence. *Id.* The burden is on the party seeking a protective order to show the necessity of its issuance, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

## III. ANALYSIS

Under the TPIA, when a governmental entity objects to a TPIA request, it must ask the Attorney General to decide whether it may withhold the information. TEX. GOV'T CODE § 552.301.

Defendants availed themselves of this administrative process and the Attorney General rendered a ruling directing in detail which documents Defendants must release and which they may be withhold pursuant to the statute. Dkt. No. 29-1. If Defendants disagree with the Attorney General's decision, the proper method to challenge the ruling is by bringing a suit against the Attorney General in a Travis County district court. TEX. GOV'T CODE § 552.324.

Defendants ask the Court to order White to withdraw the TPIA request, arguing that the Court has the power to control discovery in this litigation. Dkt. No. 29. This argument is unsupported by the statute and governing case law. A TPIA request is not a discovery request. *See* TEX. GOV'T CODE § 552.005; *see also Piatt v. City of Austin*, 2008 WL 11334173, at *4 (W.D. Tex. Sept. 29, 2008) ("By its own terms, the Texas Public Information Act has no effect on civil discovery."). The TPIA is a state statutory scheme governing the disclosure of public information. The Texas Legislature has expressly charged the Attorney General with maintaining "uniformity in the application, operation, and interpretation" of the TPIA, and the Attorney General is experienced in interpreting and applying the statute's disclosure exceptions. TEX. GOV'T CODE § 552.011. The Court declines to interfere with the Attorney General's decision. Accordingly, the Court hereby **DENIES** Defendants' request for a protective order.

## IV.  CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Defendants' Motion for Protective Order (Dkt. No. 11) and Supplemental Motion for Protective Order (Dkt. No. 29) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on April 14, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE