**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAROLYN SMITH, ET AL,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **Case No. 1:19-CV-1054-RP** |
| | § | |
| **THE CITY OF BASTROP, ET AL,** | § | |
| *Defendants* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motions to Dismiss, filed on January 31, 2020 and February 6, 2020 (Dkts. 20; 22); Plaintiffs' Responses, filed on February 12, 2020 and February 20, 2020 (Dkts. 23; 24); and Defendants' Reply, filed on February 27, 2020 (Dkt. 25).

On May 19, 2020, the District Court referred the Motions and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 39.

## I.     Background

This lawsuit arises out of allegedly illegal assessments that the City of Bastrop levied against property owners within a public improvement district.

Plaintiffs Carolyn Smith, The Village At Hunters Crossing, LLC, and Lirtex Properties, LLC, filed suit on October 28, 2019, against the "City Defendants," which includes the City of Bastrop, Texas, the City Council members for the City of Bastrop,[1] and the Directors of Hunters Crossing

---

[1] Connie Schroeder, Willie Lewis "Bill" Peterson, Drusilla Rogers, Lyle Nelson, Bill Ennis, and Dock Jackson, each in his or her official capacity as a member of the City Council of the City of Bastrop.

Local Government Corporation;[2] and the "Developer Defendants," which are Forestar (USA) Real Estate Group, Inc. ("Forestar") and its successor-in-interest, TF Hunters Crossing, L.P.

On September 11, 2001, the City of Bastrop passed Resolution No. R-2001-19, which created the Hunters Crossing Public Improvement District (the "PID") pursuant to the Texas Public Improvement District Assessment Act, TEX. LOC. GOV'T CODE §§ 372.001-372.030 (the "PIDA Act"). According to the Service and Assessment Plan ("SAP"), adopted in 2003, the PID levies assessments "based on the assumed value of the property benefited by the construction of the proposed Public Improvement subject to adjustments for benefits received as permitted by Sec. 372.015, Texas Local Government Code." Dkt. 22 at 2. The 2003 SAP estimated the total cost of the improvement at $12,476,000 plus interest. *Id.* The City alleges that it has adopted other ordinances and resolutions that have impacted the PID, most of which revise the total assessments to account for the initial costs of the improvements, maintenance and operation of the improvements, and interest. Dkt. 22 at 2. Plaintiffs dispute whether any amendments took place between 2004 and 2019. Dkt. 13 at 7.

On September 24, 2019, the City adopted Resolution No. R-2019-86 and Ordinance No. 2019-40 ("the Ordinance"), which allocated $14,151,436 in costs to the Developer Defendants as of 2020. Dkt. 22 at 3. The City also ratified an agreement between the City Defendants and the Developer Defendants in which the Developer Defendants would accept a reduced total payment of $11,961,260. The Ordinance stated that the Developer Defendants had been paid $2,205,097.71 and were owed an additional $9,756,162.29. Dkt. 22 at 3. The Ordinance also included an amended SAP because the City Defendants and the Developer Defendants "found provisions of the 2003 SAP unworkable." Dkt. 22 at 4. The 2019 SAP "ratified all prior actions of City Council taken

---

[2] Lynda Humble, Drusilla Rogers, Rick Womble, Michelle Dodson, Lyle Nelson, and Tabitha Pucek, each in his or her official capacity as a Director of Hunters Crossing Local Government Corporation.

related to the PID" and "provides that if an owner of an assessed property claims that a calculation error has been made, they have 30 days after the date the assessment roll is made available to send written notice to the PID administrator and that failure to do so waives any objections to the assessment." Dkt. 22 at 4.

Plaintiffs allege claims under 42 U.S.C. § 1983, civil conspiracy, and negligent misrepresentation. Plaintiffs contend that by adopting Resolution No. R-2019-86 and the Ordinance in 2019, the City Defendants violated multiple sections of the PIDA Act, which deprived Plaintiffs of their substantive and procedural due process rights. Plaintiffs further allege that the Developer Defendants negligently misrepresented or omitted information related to the PID assessments. Finally, Plaintiffs allege that the Developer Defendants engaged in a civil conspiracy with the members of the Bastrop City Council and the Directors of the Hunters Crossing Local Government Corporation to cover up the City Defendants' statutory violations.

The City Defendants and Defendant Forestar each seek dismissal of Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

## II.     Legal Standards

### A.  Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Rule 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [the] plaintiff to relief." *Id.*

In ruling on a Rule 12(b)(1) motion, the court may consider any of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

4

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to
> provide the grounds of his entitlement to relief requires more than
> labels and conclusions, and a formulaic recitation of the elements of
> a cause of action will not do. Factual allegations must be enough to
> raise a right to relief above the speculative level, on the assumption
> that all the allegations in the complaint are true (even if doubtful in
> fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.    Analysis

The Court addresses in turn the Motions to Dismiss by the City Defendants and Defendant Forestar.

### A.  The City Defendants' Motion to Dismiss

As stated above, the City Defendants seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Courts generally consider jurisdictional attacks before addressing other grounds for dismissal. *Ramming*, 281 F.3d at 161.

### 1.  Subject Matter Jurisdiction

Defendants argue that Plaintiffs lack standing because they have not alleged an injury in fact and have failed to demonstrate a causal connection between their alleged injury and the Ordinance.[3] Standing is a component of subject matter jurisdiction, and it is properly raised by a motion to dismiss under Rule 12(b)(1). *See Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006).

---

[3] The City Defendants also attack subject matter jurisdiction by arguing that Plaintiffs have not sufficiently pled facts to support a due process claim under § 1983 or 28 U.S.C. § 1343 because Plaintiffs have not identified a property right of which the City Defendants have deprived them. This argument goes to the merits of the claim and is addressed under Rule 12(b)(6) below.

The requirement of standing has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Redressability requires that it is likely, "as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (cleaned up). The party invoking federal subject matter jurisdiction bears the burden of establishing each element. *Ramming*, 281 F.3d at 161.

In the Amended Complaint, Plaintiffs allege that the City Defendants violated the PIDA Act by passing an ordinance that illegally increased the assessment liens on PID properties by more than $2.5 million. Dkt. 13 at 5-6. Plaintiffs allege that they have suffered an injury in fact because "the Ordinance has already been passed, illegal assessments on long-past expenses have already been made against the Plaintiffs' properties, and those assessments constitute increased liens that improperly cloud title on Plaintiffs' properties." Dkt. 24 at 4.

The City Defendants address only one of Plaintiffs' several purported injuries. The City Defendants claim there is no causal connection between their act of passing the Ordinance and Plaintiffs' alleged injury in being denied the right to pay liens off early. Defendants contend that Plaintiffs have failed to demonstrate an injury in fact because they have not attempted to pay off the liens early. Defendants acknowledge Plaintiffs alleged that the City Defendants violated the established statutory process in passing the Ordinance but dismiss Plaintiffs' allegation as conclusory, contending that Plaintiffs failed to allege specific facts related to the purported violation.

Assuming Plaintiffs' allegations are true, as the Court must, the Court finds that Plaintiffs have alleged a monetary injury in fact and a causal connection between City Defendants' actions and the injury. Plaintiffs allege that they would not have experienced an illegal increase in the lien amounts against their properties had the City Defendants not passed the Ordinance in violation of the PIDA Act.

Additionally, Plaintiffs have sufficiently established redressability by asking the Court to enjoin Defendants from enforcing the statute that imposes the injury. Should the Plaintiffs receive a favorable outcome, the injury to Plaintiffs would cease.

Accordingly, the Court finds that Plaintiffs have pled facts sufficient to establish standing.[4]

### 2.  Failure to State a Claim

The City Defendants' primary argument is that Plaintiffs have not sufficiently pled facts to support a due process claim under § 1983 because the Plaintiffs have not identified a property right of which they have been deprived. Defendants argue that the PIDA Act did not create a property right, and, therefore, the City's alleged violation of the PIDA Act could not have deprived the Plaintiffs of a property right. The City Defendants also argue for dismissal for failure to state a claim because (1) Plaintiffs have alleged a takings claim that it is not ripe, (2) governmental immunity bars suit, and (3) Plaintiffs have not pled sufficient facts for an injunction.

### a.  Due Process Violations Under § 1983

To establish a prima facie case under § 1983, the plaintiff must allege (1) a violation of a federal constitutional or statutory right, and (2) that the violation was committed by an individual

---

[4] Defendants also argue that Plaintiffs have not established subject matter jurisdiction under 28 U.S.C. § 1343, which grants original jurisdiction to federal district courts to redress claims against States for deprivation of rights, privileges, and immunities protected by the U.S. Constitution. 28 U.S.C. § 1343(a)(3). The Court finds that because Plaintiffs have alleged sufficient facts to survive the Motion to Dismiss on their § 1983 claim, the Court has original jurisdiction under § 1343.

acting under the color of state law. *Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Cities are included in the definition of individuals for purposes of a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiffs' claims arise from the Fourteenth Amendment, which provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755 (2005). Claims for both substantive and procedural due process can arise from the Due Process Clause. A government violates substantive due process when it deprives an individual of constitutional rights by an arbitrary use of its power. *Simi Inv. Co. v. Harris Cty.,* 236 F.3d 240, 249 (5th Cir. 2000). A government violates procedural due process when it acts without appropriate safeguards to protect individual property interests. *Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972).

When the basis of a plaintiff's § 1983 claim is a violation of either type of due process, the plaintiff first must allege that the government deprived them of a property right created by statute, ordinance, or regulation. *Id.* at 577. Section 1983 does not create property rights; it provides a remedy for violations of federal rights created elsewhere. *Albright v. Oliver*, 510 U.S. 564, 577 (1994).

In a substantive due process claim, after the Court determines that the government deprived the plaintiff of a property right, the Court must consider whether the government action was supported by a rational basis. *Brennan v. Stewart*, 834 F.2d 1248, 1257-57 (5th Cir. 1988). "Government action comports with substantive due process if the action is rationally related to a legitimate governmental interest." *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996). A rational basis determination is a question of law. *Id.* at 172. For procedural due process claims, the second step is to determine whether the government denied the plaintiff the opportunity to be heard. *United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 48 (1993).

"The due process clause generally requires notice and a hearing prior to a constitutional deprivation." *Chichakli v. Szubin*, 546 F.3d 315, 317 (5th Cir. 2008).

### i.    Property Interest

A property interest arises where an individual has a "legitimate claim to entitlement" in some right. *Skidmore v. Shamrock Indep. Sch. Dist.*, 464 F.2d 605, 606 (5th Cir. 1972). A statute or regulation creates a property interest for individuals when it places substantial limits on the government's exercise of its discretion. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 272, 735 (5th Cir. 2008). The parties identified no precedent from Texas state courts indicating whether the Texas Legislature intended the PIDA Act to create individual property interests.

The Fifth Circuit has recognized that a legislature's use of mandatory language in a statute generally indicates a substantive limit on a government official's exercise of discretion. *Ridgely*, 512 F.3d at 735-36. Several of the PIDA Act provisions at issue use mandatory language, including:

> The advisory body *shall* prepare an ongoing service plan and present the plan to the governing body of the municipality or county for review and approval. . . . The plan *must* cover a period of at least five years and *must* also define the annual indebtedness and the projected costs for improvements. The plan *shall* be reviewed and updated annually for the purpose of determining the annual budget for improvements.
>
> An assessment plan *must* be included in the annual service plan.
>
> The governing body of the municipality or county *shall* apportion the cost of an improvement to be assessed against property in an improvement district. The apportionment *shall* be made on the basis of special benefits accruing to the property because of the improvement.
>
> At or on the adjournment of the hearing referred to by Section 372.016 on proposed assessments, the governing body of the municipality or county *must* hear and pass on any objection to a proposed assessment.

TEX. LOCAL GOVT. CODE §§ 372.013, 372.014, 372.015(a), 372.017(a) (emphasis added).

Defendants argue that the PIDA Act gives governing bodies ample discretion to change assessments, and such wide discretion indicates that the Texas Legislature did not intend to create an individual property right. Dkt. 22 at 11-12, 13. Defendants contend that Plaintiffs' core complaint is that the City increased the total assessment by approximately $2.5 million, but the Act allows a governing body to amend a proposed assessment on any parcel and may assess interest at an amount approved by the governing body. Dkt. 22 at 11-12; Dkt. 25 at 3-6.

Plaintiffs argue that at least four specific property interests arise from the PIDA Act.[5] *See* Dkt. 24 at 3. Plaintiffs do not dispute that a PID governing body may change assessments and assess interest against individuals; rather, Plaintiffs argue that the manner in which the City Defendants exercised their powers pursuant to the PIDA Act deprived Plaintiffs of property rights under the Act. *See* Dkt. 13 at 9-12. Specifically, Plaintiffs allege that Defendants failed to make annual updates to the assessment as required by the Act and, instead, increased the SAP by more than $2.5 million for cost overruns and capitalized interest that accrued up to fifteen years before the Ordinance passed. Dkt. 13 at 9-12; Dkt. 24 at 7-9. Plaintiffs contend that the PIDA Act creates a duty for PID governing bodies to assess costs each year, hold public hearings about cost increases, entertain objections, and make changes to account for those cost overruns in the year they accrued. Dkt. 24 at 7-9. Plaintiffs, relying on *Hidden Oaks v. City of Austin*, 138 F.3d 1036, 1046 (5th Cir. 1998), allege that "[a] mandatory rule, as here, that governmental entities must follow when providing services can create a constitutionally protected interest." Dkt. 24 at 7.

---

[5] Plaintiffs' specified property interests are: "(1) their interest in notice and process to avoid the cost overruns that increased the assessment amounts by nearly $2 million and extended the lifetime of the liens on their properties from 25 to 39 years; (2) their interest in retaining credit from their previous payments of assessments under the revised scheme; (3) their interest in avoiding illegal capitalization of interest into the principal of their purported obligations on the prior fifteen years of alleged improvement work that was not assessed annually at all, much less properly; and (4) their interest in their statutory right to make payments against the interest and assessments." Dkt. 24 at 3-4.

Plaintiffs argue that while the governing body has discretion to amend the SAP under the PIDA Act, the Act does not grant the City Defendants discretion to ignore the Act's provisions requiring annual updates and allocate fifteen years of costs, expenses, and interest to the assessment at once. Dkt. 24 at 3.

The PIDA Act grants governing bodies discretion in adjusting assessments, but places significant restrictions on that discretion by mandating the process required for adjustment, thus creating a property interest for individuals within the PID. *See Ridgely,* 512 F.3d at 735-36; TEX. LOCAL GOVT. CODE §§ 372.013, 372.014, 372.015, 372.017(a). Accordingly, the Court finds that Plaintiffs have pled sufficient facts to plausibly allege a property interest, as required to allege violations of substantive and procedural due process.

### ii. Substantive Due Process

Having found that Plaintiffs have pled sufficient facts to establish a plausible property interest created by the PIDA Act, the Court now considers whether Plaintiffs have pled plausible facts to show that the City Defendants' actions in violating the PIDA Act and passing the Ordinance failed to meet the rational basis standard. Rational basis review creates a strong presumption of constitutionality; the challenged government action "need only bear a rational relation to a legitimate governmental purpose." *Duarte v. City of Lewisville*, 858 F.3d 348, 354 (5th Cir. 2017).

The federal rational basis test requires a plaintiff to negate every conceivable basis which might support the government's action. *Glass v. Paxton*, 900 F.3d 233, 245 (5th Cir. 2018). Under Texas law, the rational basis standard of review requires a plaintiff to show that the government action bore no substantial relationship to the health, safety, morals, or general welfare of the community. *City of Pharr v. Tippitt*, 616 S.W.2d 173, 176 (Tex. 1981). The government action at issue here is the City Defendants' act of passing the Ordinance. City ordinances carry a presumption of validity

and should not be overturned absent a clear abuse of municipal discretion. *Hunt v. City of San Antonio*, 462 S.W.2d 536, 539 (Tex. 1971).

The City Defendants argue that the Ordinance was within the city's municipal discretion because the PIDA Act gives governing bodies wide discretion to amend SAPs. The City Defendants fail to acknowledge that, while the PIDA uses permissive language as to the governing body's discretion to amend the SAP, it uses mandatory language in providing that "[t]he plan shall be reviewed and updated annually for the purpose of determining the annual budget for improvements." TEX. LOCAL GOVT. CODE § 372.013.

The Ordinance carries a presumption of validity, and neither party has presented facts to conclusively establish whether its passing was a clear abuse of municipal discretion. At the motion to dismiss stage of litigation, there is a presumption that a plaintiff's well-pled allegations are true. *In re Katrina*, 495 F.3d at 205. Plaintiffs have alleged that the City Defendants violated the PIDA Act when it passed the Ordinance by incorporating costs and interest for the improvements that occurred years prior into an updated SAP. *See* Dkt. 13 at 2-3, 8-9. Plaintiffs allege, and the City Defendants do not deny, that as the PID governing body, it failed to review and update the SAP for fifteen years. *See* Dkt. 13 at 8-10; Dkt. 22 at 11-12. Plaintiffs argue that the City Defendants' actions exceeded its discretion provided by the PIDA Act and its failure to comply with the Act's requirements for fifteen years bears no rational relationship to a legitimate governmental interest. Dkt. 24 at 3.

The City Defendants have not explained how their actions comport with either the federal or state rational basis standards. Defendants simply state that the Ordinance includes a rational basis statement for its adoption. Dkt. 25 at 8. But Plaintiffs' Complaint is directed specifically at the manner in which the Ordinance was adopted, alleging that it was an illegal attempt to rectify

approximately fifteen years of statutory violations. Defendants have offered no explanation why they failed to conduct annual reviews, as required by the PIDA Act. While the burden is on the plaintiff to negate all conceivable rational basis explanations, the defendant should offer some explanation to support a rational basis. *See Harris v. Hahn*, 827 F.3d 359, 365 (5th Cir. 2016) ("Texas is under no obligation to prove its reasons; it need only offer them."). Nevertheless, the Court may hypothesize as to rational basis explanations for the government's actions and suppose additional bases that the plaintiff must also negate. *See Glass*, 900 F.3d at 245 ("When applying rational basis doctrine to a dismissal for failure to state a claim, a legislative classification must be treated as valid if a court is able to hypothesize a legitimate purpose to support the action.") (internal quotation marks omitted).

As noted, Plaintiffs allege that the City Defendants abused their discretion by passing the Ordinance without first complying with the mandatory provisions of the PIDA Act. "[T]he substantive due process inquiry is whether the legislation is reasonable in light of a legitimate governmental goal." *Seoane v. Ortho Pharms., Inc.*, 660 F.2d 146, 151 (5th Cir. 1981). Defendants have offered no explanation as to how the alleged abuse of discretion is related to a legitimate governmental goal, and the Court can hypothesize no reasonable explanation or legitimate purpose for the City Defendants' alleged abuse of discretion in its failure to conduct budgetary reviews, hold hearings, and hear objections on an annual basis before passing an ordinance to increase assessments, as required by the PIDA Act. The Court finds that Plaintiffs have pled sufficient facts to raise a plausible question as to whether the Ordinance passes constitutional muster. Accordingly, Plaintiffs' claims related to the City Defendants' substantive due process violations should not be dismissed.

### iii.    Procedural Due Process

As noted, Plaintiffs have satisfied the first element of a procedural due process claim by pleading sufficient facts to establish a plausible property interest created by the PIDA Act. The Court now considers whether Plaintiffs have pled plausible facts to show that the City Defendants' actions denied Plaintiffs the opportunity to be heard.

Procedural due process requires that individuals whose rights will be denied have an opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). "The due process clause generally requires notice and a hearing prior to a constitutional deprivation." *Chichakli*, 546 F.3d at 317.

The City Defendants argue that Plaintiffs failed to plead specific facts alleging that the city denied Plaintiffs the opportunity to be heard. Dkt. 22 at 17. Plaintiffs allege that the City Defendants' failure to conduct annual reviews of the SAP and hold public hearings deprived Plaintiffs the opportunity to dispute increases in assessments and, thus, an opportunity to be heard. Dkt. 24 at 9.

The plain language of the PIDA Act requires the governing body to conduct annual reviews and hold hearings before adjusting assessments. *See* TEX. LOC. GOV'T CODE §§ 372.013, 372.015, 372.017. As previously noted, Plaintiffs allege that the City Defendants neglected to conduct annual reviews, hold hearings, and update assessments annually for approximately fifteen years. Taking those allegations as true, as the Court must, Plaintiffs have plausibly alleged that the City Defendants violated procedural due process by adding costs and interest to assessments that accrued years before, with no opportunity for PID property owners to object to the growing costs in the year those costs were accrued. Accordingly, the City Defendants' Motion to Dismiss the procedural due process claim should be denied.

14

### b.  Exhaustion of State Remedies

The City Defendants next argue that Plaintiffs' takings claim is not ripe because "Plaintiffs have not sought, much less been denied, just compensation through the appropriate state procedures." Dkt 22 at 18. Defendants contend that Plaintiffs' due process claims are not independent of a takings claim because Plaintiffs have not alleged facts to distinguish their due process claims from a takings claim. Dkt. 22 at 18. Plaintiffs contend that, because they have not alleged an inverse condemnation takings claim, no state procedure is required for Plaintiffs' Section 1983 due process claims. Dkt. 24 at 15 n.19.

Plaintiffs have not alleged a takings claim. *See* Dkt. 13 at 13-18. Exhaustion of state remedies is not a prerequisite to suit for a § 1983 claim. *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019); *Patsy v. Bd. of Regents*, 457 U.S. 496, 500-01 (1982) ("[T]his Court has stated categorically that exhaustion is not a prerequisite to an action under § 1983."). Accordingly, Defendants' Motion to Dismiss for failure to exhaust state remedies should be denied.

### c.  Governmental Immunity

The City Defendants argue that "Chapter 372 of the Local Government Code does not contain a clear and unambiguous waiver of governmental immunity," and, therefore, the governmental entity cannot be sued. Dkt. 22 at 20; Dkt. 25 at 11. Additionally, Defendants argue that the individual defendants cannot be sued for *ultra vires* actions because "this case does not involve actions outside the scope of City Defendants' legal authority," as they were "were explicitly authorized by statute to create the PID and levy assessments against the properties therein." Dkt. 25 at 11.

The Supreme Court has held that "municipalities have no immunity from damages liability flowing from their constitutional violations." *Owen v. City of Independence*, 445 U.S. 622, 657 (1980). The Fifth Circuit has similarly explained that "Eleventh Amendment immunity does not

extend to suits prosecuted against municipalities or other governmental entities that are not considered arms of the state." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006). Lesser governmental entities, such as counties and municipalities, generally are not considered arms of the state for purposes of Eleventh Amendment immunity. *Id.* Additionally, Texas law holds that governmental immunity does not apply to proprietary acts of a local government. *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 433-34 (Tex. 2016). Proprietary acts are those done "for the private advantage and benefit of the locality and its inhabitants." *Id.* The operation and maintenance of public utilities are proprietary municipal functions. TEX. CIV. PRAC. & REM. CODE § 101.0215(b)(1).

The Court finds that governmental immunity does not apply to the City because Eleventh Amendment immunity does not apply to municipalities. *See Black,* 461 F.3d at 594. Additionally, governmental immunity is inapplicable under Texas law because the development and management of a PID is a proprietary municipal act. *See Wasson Interests*, 489 S.W.3d at 433-34; § 101.0215(b)(1).

The Court also finds that governmental immunity does not bar suit against the individual City Defendants. Governmental immunity does not apply in a claim for *ultra vires* actions involving government officials acting outside their authority. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 161 (Tex. 2016); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (explaining that governmental immunity does not apply because "*ultra vires* suits do not attempt to exert control over the state—they attempt to reassert the control of the state"). To plead a claim for *ultra vires* government action, the plaintiff must allege that the officer "acted without legal authority or failed to perform a purely ministerial act." *City of Houston*, 487 S.W3d

at 161. Governmental immunity does not bar suits complaining of an officer's exercise of judgment that conflicts with the constraints of the law that authorizes the official to act. *Id.* at 163.

Plaintiffs allege that the individual City Defendants acted *ultra vires* in enacting and attempting to enforce the Ordinance because they deviated from the powers granted to them by the PIDA Act. Dkt. 13 at 14-15. The Act mandates that annual reviews occur before adjusting assessments for that year's budget. *See* Tex. Loc. Gov't Code §§ 372.013, 372.015. The City Defendants do not deny that they did not conduct annual reviews for approximately fifteen years before they passed the Ordinance. Plaintiffs have alleged sufficient facts to plead an *ultra vires* suit against the individual City Defendants for acting outside of their discretion under the PIDA Act. Governmental immunity does not bar suit. *See City of Houston*, 487 S.W.3d at 164 (stating that "governmental immunity only extends to those government officers who are acting consistently with the law, which includes those who act within their granted discretion"). Accordingly, Defendants' Motion to Dismiss based on governmental immunity should be denied.

### d.  Injunctive Relief

The City Defendants argue that Plaintiffs' claims should be dismissed because Plaintiffs have not pled sufficient facts for a permanent injunction. Whether a permanent injunction is appropriate in this case will require the resolution of disputed facts. Defendant's argument is better suited for Motion for Summary Judgment. *See Guild v. Securus Techs., Inc.*, No. 1:14-CV-366-LY, 2015 WL 10818584, at *16 (W.D.T.X. Feb. 4), *report and recommendation adopted*, 2015 WL 11237655 (Mar. 23, 2015). Accordingly, the City Defendants' Motion to Dismiss Plaintiffs' claim for injunctive relief should be denied.

**B. Forestar's Motion to Dismiss**

Plaintiffs have asserted claims of civil conspiracy and negligent misrepresentation against Forestar. Forestar argues that Plaintiffs' have failed to state a claim for civil conspiracy, and the Court should decline to exercise supplemental jurisdiction over the negligent misrepresentation claim.

### 1. Civil Conspiracy Claim

Plaintiffs allege that Forestar participated in a civil conspiracy with the City Defendants, in violation of their due process rights, by supporting the Ordinance and failing to disclose its support to the Plaintiffs. Dkt. 13 at 15-16. Specifically, Plaintiffs argue that Forestar negotiated with the City Defendants and agreed to a settlement of $11,961,260 (on an actual amount due of $14,151,436) as part of a conspiracy to cover up the City Defendants' statutory violations. *See* Dkt. 13 at 8-9, 17; Dkt. 23 at ¶¶ 11, 14, 15. Plaintiffs further allege that Forestar and the City Defendants conspired to deny Plaintiffs' right to make early payments toward interest and principal on the assessments, in violation of the PIDA Act. Dkt. 13 at 17.

Forestar argues that the civil conspiracy claim is barred under the *Noerr-Pennington* doctrine, established in *E. R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 138 (1961). Dkt. 20 at 5. The Court agrees. The *Noerr-Pennington* doctrine is an affirmative defense that grants immunity to private parties engaged in "any concerted effort to sway public officials regardless of the private citizen's intent." *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 859-60 (5th Cir. 2000). Although the *Noerr-Pennington* doctrine originated and typically arises in antitrust litigation, the Fifth Circuit has extended the doctrine to apply to § 1983 cases. *Id.* at 859.

The only exception to the *Noerr-Pennington* Doctrine is known as the Sham Exception. *Id.* at 861. The Sham Exception applies to defendants that attempt to "influence public officials for the

sole purpose of expense or delay." *Id.* For the Sham Exception to apply, the evidence must show that the defendant's lobbying activities were objectively baseless, meaning that a reasonable person "could not expect to secure favorable government action." *Id.* at 862. The Sham Exception does not apply where the defendant achieved its intended results because the endeavors were not baseless. *See id.* (holding that because defendants achieved favorable results, "their endeavors were, by definition, reasonable").

The *Noerr-Pennington* doctrine applies here because Plaintiffs allege that Forestar conspired with City Defendants to pass the Ordinance that Plaintiffs argue deprived them of their constitutional rights. Under *Noerr-Pennington*, Forestar is immune from liability on the civil conspiracy claim because its efforts in promulgating the Ordinance constitute an "effort to sway public officials." *See Bayou Fleet,* 234 F.3d at 859. The Sham Exception is inapplicable here because Forestar achieved its intended result: The Ordinance passed. *See id.* Plaintiffs have not alleged sufficient facts to overcome Forestar's immunity under the *Noerr-Pennington* doctrine. Accordingly, Plaintiffs' civil conspiracy claim should be dismissed under Rule 12(b)(6).

### 2. Negligent Misrepresentation Claim

Because the Court recommends that Plaintiffs' civil conspiracy claim should be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' negligent misrepresentation claim. District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, and supplemental jurisdiction over all other claims so related that they form part of the same case or controversy. 28 U.S.C §§ 1331, 1367. A district court may decline to exercise supplemental jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all

claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Section 1367(c); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). No single statutory factor is dispositive; whether to retain supplemental jurisdiction requires a balancing test. *See Mendoza*, 532 F.3d at 346.

In addition to the statutory factors, courts also consider common law factors, including judicial economy, convenience, fairness, and comity. *See id.* at 347. The district court has wide discretion to remand or dismiss state law claims when the federal claims to which they are pendent are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998). The Fifth Circuit generally favors dismissal when all federal claims against a defendant have been dismissed and only the pendent state law claims remain. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

Considering all of the above factors, the undersigned finds that the Court should decline to exercise supplemental jurisdiction over Plaintiff's negligent misrepresentation claim. Accordingly, the Court also recommends dismissing the negligent misrepresentation claim

## IV.    Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Forestar's Motion to Dismiss (Dkt. 20) and **DENY** the City Defendant's Motion to Dismiss (Dkt. 22).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 15, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE