IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLYN SMITH, *et al.*, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 1:19-cv-01054-RP |
| | § | |
| THE CITY OF BASTROP, TEXAS, et al., | § | |
|     *Defendants.* | § | |

## NOTICE TO THE COURT

Defendants jointly file this notice with the document listed below pursuant to Local Rule 16(f) in advance of the May 17, 2021 nonjury trial in the above-styled matter:

    Exhibit A    Defendants' Objections to Plaintiffs' Trial Exhibits.

Respectfully submitted,

| | |
|---|---|
| */s/ Jeff Hobbs* | */s/ Bradford E. Bullock* |
| **MICHAEL J. WHELLAN** | **GEORGE E. HYDE** |
| State Bar No. 21265550 | State Bar No 45006157 |
| mwhellan@abaustin.com | ghyde@txlocalgovlaw.com |
| **JEFFREY J. HOBBS** | **BRADFORD E. BULLOCK** |
| State Bar No. 24012837 | State Bar No. 00793423 |
| jhobbs@abaustin.com | bbullock@txlocalgovlaw.com |
| **ARMBRUST & BROWN, PLLC** | **RUSSELL RODRIGUEZ HYDE BULLOCK, LLP** |
| 100 Congress Avenue, Suite 1300 | 1633 Williams Drive, Building 2, Suite 200 |
| Austin, Texas  78701 | Georgetown, Texas 78628 |
| (512) 435-2300 – telephone | (512) 930-1317 – telephone |
| (512) 435-2360 – facsimile | (866) 929-1641 – facsimile |
| **ATTORNEYS FOR DEFENDANT TF HUNTERS CROSSING, L.P.** | **ATTORNEYS FOR THE CITY OF BASTROP, TEXAS, CONNIE SCHROEDER, WILLIE LEWIS "BILL" PETERSON, DRUSILLA ROGERS, LYLE NELSON, BILL ENNIS, DOCK JACKSON, RICK WOMBLE, MICHELLE DODSON, AND TABITHA PUCEK** |

**Notice to the Court – Page 1 of 2**

# CERTIFICATE OF SERVICE

    I hereby certify that on April 28, 2021 the above and foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and electronic mail.

                                          Rick Milvenan
                                          Ian Davis
                                          McGinnis Lochridge LLP
                                          600 Congress Avenue, Suite 2100
                                          Austin, Texas 78701
                                          rmilvenan@mcginnislaw.com
                                          edavis@mcginnislaw.com
                                          (512) 505-6331 - fax

                                          _____*/s/ Jeff Hobbs*_____
                                          Jeff Hobbs

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLYN SMITH, *et al.*, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 1:19-cv-01054-RP |
| | § | |
| THE CITY OF BASTROP, TEXAS, et al., | § | |
|     *Defendants.* | § | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBITS

1. Defendants object to Plaintiffs' proposed Exhibits 27, 29, 30, and 31 on the grounds that these exhibits constitute the written report and supplements thereto prepared by a formerly consulting-only expert (Glass Memo #27) and Plaintiffs' designated expert (#29, 30, 31). The written reports are inadmissible hearsay and should not be admitted into evidence in lieu of live testimony by the witness/expert. Fed. R. Evid. 801; *Jessica Lorraine Solis, Plaintiff, v. City of Baytown, Texas; Samuel A. Serrett; & Teddy F. Sims*, Defendants., 4:19-CV-4865, 2021 WL 1566445, at *3 (S.D. Tex. Apr. 21, 2021).

2. Defendants object Plaintiffs' proposed Exhibits 27, 28, 32, 33, 35, 36, 37, 38, 39, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 60, 62, 63, 64, 65, 74, 75 on the following grounds. Exhibit 27 is a "Glass Memo," a document prepared at the behest of the City's legal counsel, related to calculations related to the amount of capital costs due to the developer, which was prepared prior to the adoption of Ordinance No. 2019-40 and before the City and TF Hunters Crossing, LLC entered into a Revised and Restated Reimbursement Agreement, adopted pursuant to Resolution R-2019-86. The bulk of the rest of proposed Exhibits constitute communications between Plaintiffs' legal counsel and the City's legal counsel, Plaintiffs' legal counsel and City staff, Plaintiffs'

       legal counsel and Defendant TF Hunters Crossing, LLC's legal counsel, or TF Hunters Crossing, LLC's legal counsel and the City's legal counsel. The rest constitute communications/statements by City staff (#35, 36), former City Council members (#39), or non-party members of the public (#37).

3. Plaintiffs desire to admit these extrinsic documents for the purpose of aiding the Court in discerning the proper statutory construction of the challenged ordinance(s) and resolution(s). Fundamentally, Plaintiffs seek to use these documents as evidence of legislative intent and to establish a factual basis from which the Court can discern any questions of fact related to Ordinance No. 2019-40, Resolution R-2019-86, along with ordinances that were not challenged within three years of their enactment.[1]

4. Plaintiffs characterize the statements contained in the aforementioned proposed exhibits as admissible statements of a party-opponent or statements against interest (at least as to statements made by City employees/legal counsel and TF Hunters Crossing's legal counsel – it is less clear how statements by third-parties and Plaintiffs' counsel's own self-serving advocacy statements could be admissible under these theories). Fed. R. Evid. 801, 804; *Slaughter v. Atkins*, 396 Fed. Appx. 984, 988 (5th Cir. 2010); *Gil Ramirez Group, L.L.C. v. Marshall*, 765 Fed. Appx. 970, 978 (5th Cir. 2019) (Rule 801), cert. denied sub nom. *Fort Bend Mech., Ltd. v. Gil Ramirez Group, L.L.C.*, 140 S. Ct. 248, 205 L. Ed. 2d 133 (2019) (Rule 804).

---

[1] Resolution R-2001-19, Resolution R-2003-34, Ordinance No. 2003-35, Ordinance No. 2004-42, 2004 Development and Reimbursement Agreement, Ordinance No. 2017-26. Governmental acts that are not void ab initio, which are not challenged within three years of their enactment, are presumed valid under Texas law. Tex. Loc. Gov't Code Ann. § 51.003; *City of Alton v. City of Mission*, 164 S.W.3d 861, 868 (Tex. App.—Corpus Christi 2005, pet. denied) (validation statute cures any substantive defects that may exist in ordinance).

**Defendants' Objections to Plaintiffs' Proposed Trial Exhibits– Page 2 of 8**

5. Regardless of how Plaintiffs would characterize the statements made by Defendants' representatives contained in these documents and communications, these statements are inadmissible to discern legislative intent or to aid the Court in statutory construction. The following cases discussing the role of extrinsic material used for the purpose of statutory interpretation explain why:

- "[T]he limits of the drafters' imagination supply no reason to ignore the law's demands. When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law, and all persons are entitled to its benefit." *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1737, 207 L. Ed. 2d 218 (2020)
- "Only the words on the page constitute the law adopted by Congress and approved by the President. If judges could add to, remodel, update, or detract from old statutory terms inspired only by extratextual sources and our own imaginations, we would risk amending statutes outside the legislative process reserved for the people's representatives. And we would deny the people the right to continue relying on the original meaning of the law they have counted on to settle their rights and obligations." *Bostock*, 140 S. Ct. 1731, 1738, 207 L. Ed. 2d 218.
- The "established rule of statutory interpretation cannot be overcome by judicial speculation as to the subjective intent of various legislators." *Bilski v. Kappos*, 561 U.S. 593, 607–08, 130 S. Ct. 3218, 3228, 177 L. Ed. 2d 792 (2010).
- "As we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms. Not all extrinsic materials are reliable sources of insight into legislative understandings, however, and legislative history in particular is vulnerable to two serious criticisms. First, legislative history is itself often murky, ambiguous, and contradictory. Judicial investigation of legislative history has a tendency to become, to borrow Judge Leventhal's memorable phrase, an exercise in "'looking over a crowd and picking out your friends.'" See *Wald, Some Observations on the Use of Legislative History in the 1981 Supreme Court Term*, 68 Iowa L.Rev. 195, 214 (1983). Second, judicial reliance on legislative materials like committee reports, which are not themselves subject to the requirements of Article I, may give unrepresentative committee members—or, worse yet, unelected staffers and lobbyists—both the power and the incentive to attempt strategic manipulations of legislative history to secure results they were unable to achieve through the statutory text." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 568–69, 125 S. Ct. 2611, 2626, 162 L. Ed. 2d 502 (2005).
- "'Any imagined gains from rummaging around in legislative minutiae, particularly absent any textual ambiguity, are more than dwarfed by multiple realities.' One such reality is that legislative history is easily manipulable. If people think courts

will consider legislative history when applying statutes, opportunistic legislators and interest groups will put all kinds of things into the legislative record. Bill summaries like the one relied upon by the court of appeals are typically written by legislative staff. Even if the bill author himself wrote the summary, it takes only one legislator to state a bill's intent as he sees it (or, perhaps, as he wishes courts to see it). Making law, on the other hand, requires majorities of the elected representatives in both houses and the governor. This practical reality—that legislative history is easily manipulated by individual legislators and interest groups—points to a much deeper reason courts should not consult legislative history when interpreting statutes. 'The greatest defect of legislative history is its illegitimacy. We are governed by laws, not by the intentions of legislators.' Legislative history reflects the unilateral view of one legislator, not the collective view of the body empowered by the constitution to make laws. 'The Legislature does not speak through individuals ... it speaks through its enactments.' The text of those enactments is the law, and our role extends no further than applying it as written." *Waak v. Rodriguez*, 603 S.W.3d 103, 117 (Tex. 2020) (internal citations omitted).

- "As we recently held, if text is not hazy, we must resist morphing statutory construction into statutory excavation and instead 'take the Legislature at its word and not rummage around in legislative minutiae.'" *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 475 (Tex. 2009) (internal citation omitted).
- "Courts are charged with exercising judgment, not will, and judicial judgment— awareness of the line between adjudication and legislation and refusing to cross it—means giving wide berth to legislative judgment. On policy matters, we must aim for utter disinterestedness, meaning we must interpret the [law] as it is written, not as we might have written it." *Entergy Gulf States, Inc.*, 282 S.W.3d at 481.
- "[E]ven proponents of legislative history, even those proponents willing to consider legislators' post-enactment comments, disregard statements from legislators who did not hold office when the disputed statute was enacted." *Entergy Gulf States, Inc.*, 282 S.W.3d at 492.
- "Isolated statements of individual legislators represent neither the intent of the legislature as a whole nor definitive interpretations of the language enacted by Congress." *In re Davis*, 170 F.3d 475, 480 (5th Cir. 1999).
- "'When we interpret statutes ... we seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation.'" *Mahaffey v. State*, 316 S.W.3d 633, 637 (Tex. Crim. App. 2010) (internal citation omitted).
- "The intent of an individual legislator, even a statute's principal author, is at most persuasive authority, resembling the comments of any learned scholar of the subject. The individual legislator's intent is not legislative history controlling the construction to be given a statute." *Tex. Dep't of Pub. Safety v. Kreipe*, 29 S.W.3d 334, 338 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (internal citation omitted).
- "Especially in recent times, the Texas Supreme Court has been resolute that courts must construe statutes by 'first looking to the statutory language for the Legislature's intent, and only if we cannot discern legislative intent in the language of the statute itself do we resort to canons of construction or other aids.'

>Consequently, we do not, as appellants propose, begin with the legislative record (much less with the anecdotal remarks of individual legislators that may appear within it), divine some perceived 'legislative intent' or 'policy goal,' and then work backwards to construe the statutory text accordingly." *Foster v. Tex. Dep't of Criminal Justice*, 344 S.W.3d 543, 548 (Tex. App.—Austin 2011, pet. denied) (internal citations omitted).

6. Plaintiffs would have the Court admit into evidence and consider statements at least one and two steps removed from "anecdotal remarks" from actual legislators for the purpose of elucidating legislative intent. The statements in question one step removed were either made by the City's legal counsel or a City employee, and ***not*** an actual legislator who voted on the challenged Ordinance(s) and Resolution(s). The statements two steps removed were made by TF Hunters Crossing, LLC's legal counsel – an advocate for a private party that has no role in actually adopting the legislation being challenged.

7. Plaintiffs' proposition for using governmental entity's legal counsel and staff and private party's legal counsel's statements for discerning legislative intent on the grounds that such statements constitute statements by a party-opponent or statements against interest is unprecedented and violates every canon of statutory interpretation. *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 135 (Tex. 2018) (courts do not rely on extrinsic aids to construe unambiguous statutory language).

8. At no point in Plaintiffs' ***voluminous*** briefing to the Court (motion to dismiss, competing motions for summary judgment, responses, replies to same) have Plaintiffs argued that Ordinance No. 2019-40 (or Ordinance No. 2003-35 for that matter) is ambiguous, nor has the Court so found. It is simply not an issue before the Court. The only way the Court could even consider extrinsic evidence to discern legislative intent

is by first concluding that the acts being challenged – Ordinance No. 2019-40 and the accompanying Resolution R-2019-86 – are ambiguous.

9. Even if the Court so found, the *type* of extrinsic evidence that Plaintiffs are asking the Court to consider is not proper "legislative history" that any Texas or federal court has ever considered to resolve a legislative ambiguity. Therefore, because there is no ambiguity to resolve and because the aforementioned communications are not proper legislative history, they are irrelevant and immaterial as a matter of law and may not be admitted for any purpose. Fed. R. Evid. 402.

10. Alternatively, even if they are relevant for some limited purpose, such as establishing that the statements contained in the communications were made (it is difficult to see how that could be relevant to determining the validity of the challenged acts), they would still need to be excluded because they confuse the legal issues and will waste the Court's time by admitting evidence that can have no effect on the fundamental issue – statutory construction, which is a question of law. Fed. R. Evid. 403.

11. Alternatively, if necessary, any statements contained in the aforementioned documents that purport to interpret or establish legislative intent of the challenged Ordinance(s) and Resolution(s) are inadmissible because Plaintiffs cannot lay a predicate or foundation for admissibility for those purposes. Defendants do not challenge the authenticity of the challenged exhibits themselves, nor do Defendants challenge the fact that such communications were made, who made them, when they were made or even the contents of what they say. Rather, though the proposed exhibits are authentic and may even constitute business records, the substance of the communications may

not be used for the purpose of engaging in statutory interpretation or discerning legislative intent. Fed. R. Evid. 803.

12. Finally, Defendants object to any statements in the proposed exhibits by non-parties that are offered to prove the truth of the matter asserted therein as inadmissible hearsay. Fed. R. Evid. 801.

Respectfully submitted,

| | |
|---|---|
| */s/ Jeff Hobbs* <br> **MICHAEL J. WHELLAN** <br> State Bar No. 21265550 <br> mwhellan@abaustin.com <br> **JEFFREY J. HOBBS** <br> State Bar No. 24012837 <br> jhobbs@abaustin.com <br> **ARMBRUST & BROWN, PLLC** <br> 100 Congress Avenue, Suite 1300 <br> Austin, Texas  78701 <br> (512) 435-2300 – telephone <br> (512) 435-2360 – facsimile <br> **ATTORNEYS FOR DEFENDANT** <br> **TF HUNTERS CROSSING, L.P.** | */s/ Bradford E. Bullock* <br> **GEORGE E. HYDE** <br> State Bar No 45006157 <br> ghyde@txlocalgovlaw.com <br> **BRADFORD E. BULLOCK** <br> State Bar No. 00793423 <br> bbullock@txlocalgovlaw.com <br> **RUSSELL RODRIGUEZ HYDE BULLOCK, LLP** <br> 1633 Williams Drive, Building 2, Suite 200 <br> Georgetown, Texas 78628 <br> (512) 930-1317 – telephone <br> (866) 929-1641 – facsimile <br> **ATTORNEYS FOR THE CITY OF BASTROP, TEXAS, CONNIE SCHROEDER, WILLIE LEWIS "BILL" PETERSON, DRUSILLA ROGERS, LYLE NELSON, BILL ENNIS, DOCK JACKSON, RICK WOMBLE, MICHELLE DODSON, AND TABITHA PUCEK** |

## CERTIFICATE OF SERVICE

    I hereby certify that on April 28, 2021 the above and foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and electronic mail.

                                            Rick Milvenan
                                            Ian Davis
                                            McGinnis Lochridge LLP
                                            600 Congress Avenue, Suite 2100
                                            Austin, Texas 78701
                                            rmilvenan@mcginnislaw.com
                                            edavis@mcginnislaw.com
                                            (512) 505-6331 - fax

                                            */s/ Jeff Hobbs*
                                            Jeff Hobbs